UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ANICASIA DIAZ, LUDWIG ALONSO,
JULIA DeLEON, MARIA GOMEZ,
FREDESWINDA MORCIGLIO, MARIOLA
TRUSZKOWSKI, and PEDRO QUINONES,

               Plaintiffs,

- against -

LOCAL NO. 241, TRANSPORT WORKERS
UNION OF AMERICA, UNIVERSITY
DIVISION, and COLUMBIA UNIVERSITY
IN THE CITY OF NEW YORK,

               Defendants.

-----------------------------------------------------------X

17 Civ.

COMPLAINT

PLAINTIFFS DEMAND
TRIAL BY JURY

Plaintiffs, by their undersigned attorneys, as and for their Complaint against defendants, allege as follows:

### JURISDICTION AND VENUE

1. Plaintiffs are cleaners who have been denied overtime work because they are neither related to nor friends with union officials. This action seeks to redress this breach of the union's duty of fair representation and the contract with plaintiffs' employer.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 ("Section 301").

3. Declaratory and injunctive relief, damages, costs, attorney fees, and other appropriate legal and equitable relief are sought pursuant to Section 301.

4. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391(b), because the unlawful practices occurred within this judicial district.

5. Plaintiffs have fully complied with all prerequisites to jurisdiction in this Court.

## PARTIES

6. Plaintiff Anacasia Diaz has been employed as a Heavy Cleaner by defendant Columbia University in the City of New York ("Columbia") for approximately 16 years. Diaz is a member of Local No. 241, Transport Workers Union of America, University Division ("Local 241").

7. Plaintiff Ludwig Alonso has been employed as a Heavy Cleaner by Columbia for approximately five years. Alonso is a member of Local 241.

8. Plaintiff Julia DeLeon has been employed as a Heavy Cleaner by Columbia for approximately 17 years. DeLeon is a member of Local 241.

9. Plaintiff Maria Gomez has been employed as a Heavy Cleaner by Columbia for approximately 23 years. Gomez is a member of Local 241.

10. Plaintiff Fredeswinda Morciglio has been employed as a Heavy Cleaner by Columbia for approximately 19 years. Morciglio is a member of Local 241.

11. Plaintiff Mariola Truszkowski has been employed as a Heavy Cleaner by Columbia for approximately 17 years. Truszkowski is a member of Local 241.

12. Plaintiff Pedro Quinones has been employed as a Heavy Cleaner by Columbia for approximately 28 years. Quinones is a member of Local 241.

13. Local 241 is a labor union recognized as the exclusive bargaining agent for certain maintenance employees of Columbia, including Heavy Cleaners. The main office of Local 241 is in New York, New York.

14. Columbia is an academic institution of higher learning, with its headquarters in New York, New York.

## FACTS

15. Local 241 and Columbia are parties to a collective bargaining agreement effective April 1, 2016, through March 31, 2020 ("CBA").

16. Article 6, Section 3(h), of the CBA provides, "All overtime assignments will be distributed as equally as possible by job classification and seniority on a rotating list and appropriately recorded. Lists will be posted in an area accessible to employees. Each appropriate group will decide on the proper administration of such lists."

17. For at least a decade, overtime assignments have not been distributed as equally as possible. Relatives and friends of union officials have received a disproportionate amount of overtime. For example, in 2016 Columbia paid plaintiff Quinones $2,454 for approximately 90 hours of overtime, and paid plaintiff Morciglio $3,682 for approximately 155 hours of overtime.

18. At the same time, upon information and belief, Carlos Polanco, a nephew of former Local 241 President Enzo Rodriguez, was paid up to $130,000 for approximately 2,000 hours of overtime work. Polanco's sister-in-law, Polanco's wife's cousin's wife, and other friends and relatives of union officials, received preferences for union assignments.

19. Lists are not posted.

20. Plaintiffs have brought their complaints on numerous occasions, orally and in writing, to Local 241 officials and plaintiff's supervisors. Plaintiffs sent a letter and distributed a petition in 2008, and filed grievances in 2010 and 2016.

21. In August 2017, plaintiffs raised this issue again with Local 241 and Columbia, and followed up in October with a detailed grievance. Local 241 responded that plaintiffs "fail to recognize the proper party that should receive a grievance under the CBA, namely the employer, Columbia University." Columbia responded "that the distribution of overtime is currently administered by Local 241," and forwarded plaintiffs' correspondence to the union.

22. Local 241 and Columbia both refused to investigate plaintiffs' complaint.

## FIRST CAUSE OF ACTION

23. Local 241, by refusing to process plaintiffs' grievance and by distributing overtime to relatives and friends of union officials, has breached its duty of fair representation. Local 241's actions are arbitrary, capricious, invidious, discriminatory, and in bad faith.

## SECOND CAUSE OF ACTION

24. The CBA is an "agreement" between an employer and a labor organization, as that term is defined in Section 301.

25. Plaintiffs are third-party beneficiaries of that agreement.

26. By refusing to distribute overtime assignments as equally as possible, Columbia and Local 241 are in breach of the CBA.

4

## TRIAL BY JURY

Plaintiffs request a trial by jury on all claims asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that a judgment be granted as follows:

1. Enjoining defendants from refusing to distribute overtime equally;

2. Awarding plaintiffs the back overtime wages they have been denied because of defendants' unlawful acts;

3. Awarding plaintiffs compensatory and punitive damages;

4. Awarding plaintiffs pre-judgment and post-judgment interest;

5. Awarding plaintiffs the costs of this action, including reasonable attorney's fees; and

6. Awarding such other relief as this Court deems just and proper.

Dated: November 13, 2017

LICHTEN & BRIGHT, P.C.
Attorneys for Plaintiffs

By: _____
Stuart Lichten (SL-1258)
387 Park Avenue South, 5th Floor
New York, New York 10016
(646) 588-4872