```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------

| | |
|---|---|
| ANICASIA DIAZ, LUDWIG ALONSO, JULIA DeLEON, MARIA GOMEZ, FREDESWINDA MORCIGLIO, MARIOLA TRUSZKOWSKI, and PEDRO QUINONES,<br><br>Plaintiffs,<br><br>-against-<br><br>LOCAL NO. 241, TRANSPORT WORKERS UNION OF AMERICA, UNIVERSITY DIVISION, and COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>Defendants. | 17cv8898<br><br>OPINION & ORDER |

------------------------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

      Plaintiffs Anicasia Diaz, Ludwig Alonso, Julia DeLeon, Maria Gomez, Fredeswinda Morciglio, Mariola Truszkowski, and Pedro Quinones (collectively, "Plaintiffs") bring this action under § 301 of the Labor Management Relations Act ("LMRA") against Defendants Local No. 241, Transport Workers Union of America, University Division ("Local 241") and Columbia University (collectively, "Defendants"). Plaintiffs contend that Local 241 breached its duty of fair representation and that Columbia violated its collective bargaining agreement with Local 241. Columbia moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Columbia's motion to dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiffs are members of Local 241 and are employed by Columbia as "Heavy Cleaners." (Am. Compl., ECF No. 24 ("AC"), ¶¶ 6–12.) Local 241 is the exclusive bargaining agent for Plaintiffs. (AC ¶ 13.) Plaintiffs' employment is governed by a collective bargaining agreement between Local 241 and Columbia, effective April 1, 2016 through March 31, 2020 (the "CBA"). (AC ¶ 15.) Article 6, Section 3(h) of the CBA provides: "All overtime assignments will be distributed as equally as possible by job classification and seniority on a rotating list and appropriately recorded. Lists will be posted in an area accessible to employees. Each appropriate group will decide on the proper administration of such lists." (AC ¶ 16.)

Plaintiffs contend that overtime assignments have not been distributed "as equally as possible" in violation of Article 6, Section 3(h). (AC ¶ 17.) Instead, Plaintiffs assert that overtime assignments are distributed preferentially to relatives and friends of union officials. (AC ¶ 17.) Moreover, Plaintiffs allege that overtime lists were not posted until approximately January 2018, and when they were, they understated overtime hours worked by union officials' relatives and friends. (AC ¶ 20.)

On August 15, 2017, Plaintiffs wrote a letter to Local 241 and Columbia complaining that overtime was distributed unequally. (AC ¶ 22.) While Local 241 did not respond, Columbia replied that it was "not aware of any violation of the CBA as it relates to overtime distribution." (AC ¶ 22.) On October 25, 2017, Plaintiffs filed a grievance with both Local 241 and Columbia, alleging that "[o]vertime assignments are not distributed equally," that "[r]elatives and friends of union officials are given preference for overtime assignments," and that overtime "[l]ists are not posted." (AC, Ex. A.) Two days later, Local 241 responded that Columbia was "the proper party that should receive a grievance under the CBA." (AC ¶ 24.)

That same day, Columbia advised Plaintiffs it had forwarded their grievance to Local 241. (AC ¶ 25.) On October 30, 2017, Plaintiffs informed Local 241 that they were "willing to allow the union to engage in a good faith investigation of their claims, to be followed by appropriate actions in response." (AC ¶ 26.) Local 241 never acknowledged Plaintiffs' proposal and has failed to explain why it refused to act on Plaintiffs' grievance. (AC ¶ 27.)

## DISCUSSION

I. Legal Standard

On a motion to dismiss, a court accepts all facts alleged in the complaint as true and construes all reasonable inferences in a plaintiff's favor. ECA Local 134 IBEW Joint Pension Tr. Fund of Chi. v. JP Morgan Chase Co., 553 F.3d 187, 196 (2d Cir. 2009). The complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). Indeed, to survive a motion to dismiss, the Court must find the claim rests on factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.") "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." S. Cherry St. LLC v. Hennessee Grp. LLC, 573 F.3d 98, 110 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

II. Threshold Matters

Before deciding whether the Amended Complaint states a plausible claim for relief, this Court addresses two issues raised in Columbia's motion to dismiss: (1) whether the

3

Amended Complaint is the operative pleading in this action, and (2) whether the Court may consider extraneous documents appended to Columbia's motion.

A. Operative Pleading

To begin, Columbia urges this Court to disregard the Amended Complaint and treat the original complaint filed on November 17, 2017 (the "Original Complaint") as the operative pleading. (Mem. of Law in Supp. of Def.'s Mot. to Dismiss, ECF No. 42 ("Def.'s MTD"), at 6.) Columbia argues that the Original Complaint included allegations demonstrating that Plaintiffs knew of and complained about the purported overtime inequities as early as 2008. (See Def.'s MTD, at 7–8.) And because claims under § 301 of the LMRA are governed by a six-month statute of limitations that "begins to run when a plaintiff knows or reasonably should know that the [u]nion has breached its duty of fair representation," Columbia believes Plaintiffs' claims—as alleged in the Original Complaint—are time-barred. (Def.'s MTD, at 10 (quoting Flanigan v. Int'l Bhd. of Teamsters, Local No. 671, 942 F.2d 824, 827 (2d Cir. 1991)) (emphasis removed).) Columbia voiced this statute of limitations defense in a January 16, 2018 pre-motion letter and during a February 9, 2018 pre-motion conference. This Court afforded Plaintiffs an opportunity to amend their complaint. (See Def.'s MTD, at 7.)

The Amended Complaint omits the allegations Columbia asserts render Plaintiffs' claims stale. For instance, Columbia notes that the Amended Complaint removes Plaintiffs' initial contention that overtime assignments had been distributed inequitably "for at least a decade" and deletes a previously-included 2016 example of such inequitable distribution concerning Quinones and Morciglio. (Def.'s MTD, at 7.) In place of those allegations, the Amended Complaint states that "overtime assignments, up until the present day, have not been as equally distributed as possible" and includes a 2017 example of inequitable distribution. (Def.'s

4

MTD, at 7 (emphasis added).) The Amended Complaint also excludes Plaintiffs' original contention that "Plaintiffs sent a letter and distributed a petition in 2008 and filed grievances in 2010 and 2016." (Def.'s MTD, at 7–8.) These adjustments—according to Columbia—are an impermissible attempt to plead around the time bar. (Def.'s MTD, at 8.)

While "[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect," Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), "[i]n rare circumstances, courts in the Second Circuit will consider prior pleadings," 2002 Lawrence R. Buchalter Alaska Tr. v. Phila. Fin. Life Assurance Co., 96 F. Supp. 3d 182, 206 (S.D.N.Y. 2015). A court will do so only "when the plaintiff directly contradicts the facts set forth in his original complaint." 2002 Lawrence R. Buchalter Alaska Tr., 96 F. Supp. 3d at 206 (quotation marks omitted); see Dozier v. Deutsche Bank Tr. Co. Ams., 2011 WL 4058100, at *4 (S.D.N.Y. Sept. 1, 2011) (disregarding plaintiff's statement in second amended complaint that defendant did not create a tax reserve fund where defendant alleged the opposite in previous pleadings); Wallace v. N.Y.C. Dep't of Corr., 1996 WL 586797, at *1–2 (E.D.N.Y. Oct. 9, 1996) (discrediting amended complaint alleging a "policy" of wrongful conduct where plaintiff previously alleged that injuries resulted from an "aberration"). Thus, "[w]here . . . an amended pleading is not in 'direct' contradiction with the original pleading, courts apply the general rule recognizing that an amended pleading completely replaces the original pleading." Brooks v. 1st Precinct Police Dep't., 2014 WL 1875037, at *3 (E.D.N.Y. May 9, 2014).

Plaintiffs' alterations do not warrant the "rare" action of disregarding the Amended Complaint. Columbia has not shown that Plaintiffs' alterations "directly contradict" the Original Complaint, "[a]nd the mere fact that . . . [P]laintiff[s] [have] chosen to omit, for

5

strategic reasons . . . fact[s] alleged in an earlier pleading does not entitle the Court to consider [those] fact[s] once it has accepted the amended pleading for filing." Vasquez v. Reilly, 2017 WL 946306, at *4 (S.D.N.Y. Mar. 9, 2017); see 2002 Lawrence R. Buchalter Alaska Tr., 96 F. Supp. 3d at 205–06 (refusing to take judicial notice of prior allegations allegedly showing plaintiffs' claims were time-barred because "[p]laintiffs merely removed certain allegations from their Complaint and First Amended Complaint instead of alleging directly contradictory facts"); Brooks, 2014 WL 1875037, at *3 ("Plaintiff's Amended Complaint omits a fact that was included in his original Complaint, but does not 'directly contradict' any factual allegations made in the original Complaint. The Court therefore finds that the Amended Complaint replaces the original complaint and because Plaintiff does not include the date of the incident in his Amended Complaint, the Court cannot determine whether Plaintiff's action is time-barred.").

Ironically, Columbia concedes that the "the Amended Complaint is devoid of any substantive factual changes." (Def.'s MTD, at 8.) Indeed, the Original and Amended Complaints state the same core facts, namely: (1) Defendants preferentially allocated overtime assignments to relatives and friends of Local 241 officials; (2) overtime lists were not posted until January 2018, and when they were posted, they understated the overtime hours worked by union officials' relatives and friends; and (3) in October 2017, Plaintiffs' filed a grievance with Columbia and Local 241, which was ignored. And while "[t]his Court sympathizes with [Columbia's] argument that [Plaintiffs] made certain factual changes in the [A]mended [C]omplaint expressly to avoid dismissal of their . . . claim[s] [on statute of limitations grounds]," Kermanshah v. Kermanshah, 580 F. Supp. 2d 247, 267 (S.D.N.Y. 2008), "[i]t is not uncommon for litigants to amend pleadings in response to deficiencies pointed out by an adversary or even by the Court, either before a dispositive motion is filed or in response to a

6

ruling on a motion that grants leave to replead," Streit v. Bushnell, 424 F. Supp. 2d 633, 639 (S.D.N.Y. 2006). This Court therefore concludes that the Amended Complaint replaced the Original Complaint as the operative pleading.

    B. Extraneous Documents Considered

Columbia appends several exhibits to its motion to dismiss and asks this Court to consider them. Columbia asserts that these documents are "integral to [Plaintiffs'] claim[s]" and demonstrate that the claims are untimely. (Def.'s MTD, at 4–5.) Generally, "this Court may not properly consider materials outside the [c]omplaint without treating the motion [to dismiss] as one for summary judgment." Okla. Firefighters Pension and Ret. Sys. v. Lexmark Int'l, Inc., 367 F. Supp. 3d 16, 28 (S.D.N.Y. 2019) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)). For purposes of this rule, however, the complaint includes "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010) (quotation marks omitted). To be incorporated by reference, the plaintiff must make a "clear, definite and substantial reference to the documents." Helprin v. Harcourt, Inc., 277 F. Supp. 2d 327, 330–31 (S.D.N.Y. 2003). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Chambers, 282 F.3d at 153 (emphasis added) (quotation marks omitted). "A court may [also] take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Glob. Network Comm'ns, Inc. v. City of N.Y., 458 F.3d 150, 157 (2d Cir. 2006) (quotation marks omitted); see also Kavowras v. N.Y. Times Co., 328 F.3d 50, 57 (2d Cir. 2003) (approving district court's consideration of

plaintiff's National Labor Relations Board charge in deciding a motion to dismiss). With these principles in mind, the Court addresses each exhibit in turn.

Exhibits A and B are copies of the Original and Amended Complaint, respectively. This Court has already found that the Amended Complaint supersedes the Original Complaint. As such, this Court declines to consider Exhibit A.

Exhibit C is a November 30, 2006 news article, accusing Local 241 president-elect, Enzo Rodriguez, of engaging in favoritism and misappropriation of overtime. The article is neither incorporated by reference nor integral to the Amended Complaint. Accordingly, this Court declines to consider it.

Exhibit D is an August 14, 2008 letter to Local 241 signed by—among others—Diaz and Quinones. The letter asserts that overtime is distributed unfairly. Again, the letter is neither incorporated by reference nor integral to the Amended Complaint. The Court therefore declines to consider Exhibit D.

Exhibit E is an unfair labor practice charge Diaz filed with the National Labor Relations Board ("NLRB") on May 26, 2010, alleging that Local 241 failed to process a grievance concerning overtime distribution. Exhibit G is a similar NLRB charge filed by Alonso on July 1, 2016, alleging that Local 241 failed to help its members enforce the overtime assignment provision of the CBA. Exhibit H is another NLRB charge filed by Alonso on July 1, 2016—this time against Columbia—alleging that it failed to abide by the overtime assignment provision in the CBA. Exhibit I is an affidavit from Alonso accompanying the charge attached as Exhibit H. The Court will consider these exhibits—but not for the truth of the matters asserted therein—because in this Circuit it is well-settled that courts may take judicial notice of NLRB charges at the motion to dismiss stage. Ode v. Terence Cardinal Cooke (HCC), 2008 WL

8

5262421, at *1, n.1 (S.D.N.Y. Dec. 12, 2008) ("Judicial notice may be taken of the NLRB proceeding on this motion to dismiss without converting it into a motion for summary judgment." (citing Kavowras, 328 F.3d at 57)).

Exhibit F is an unsigned July 26, 2010 grievance submitted to Local 241 from unspecified "union members" alleging unfair distribution of overtime. Exhibit J is a similar grievance submitted on July 5, 2016 by Alonso. These grievances were neither attached to the Amended Complaint nor incorporated by reference. And Columbia offers no argument as to how Plaintiffs "relied heavily upon" them in drafting the Amended Complaint. Okla. Firefighters, 367 F. Supp. 3d at 28–29. The Court declines to consider Exhibit F.

Exhibit K is a copy of Article 6 of the CBA, which Plaintiffs quote and cite in the Amended Complaint. (See AC ¶¶ 16, 23.) The Court will consider Exhibit K. See, e.g., Helprin, 277 F. Supp. 2d at 330–31 (considering extraneous agreement as part of the complaint where the complaint made substantial references to the agreement and quoted certain paragraphs verbatim, and the complaint was based on interpreting certain provisions of the agreement).

Exhibit L consists of two separate e-mails from Columbia dated August 30 and October 27, 2017. A portion of the August 30 email is quoted in the Amended Complaint, and a portion of the October 27 email is paraphrased. But the emails contain self-serving statements by Columbia that are inappropriate for this Court to consider on a motion to dismiss. Moreover, Columbia offers no argument as to how these emails are incorporated by reference or integral to the Amended Complaint. This Court declines to consider Exhibit L.

III.  Plaintiffs' Hybrid § 301 Claim

"In order to provide individual employees with recourse when a union breaches its duty of fair representation in a grievance or arbitration proceeding, the Supreme Court has

9

held that an employee may bring suit against both the union and the employer. Such suit . . . is known as a hybrid § 301/fair representation claim." Carrion v. Enter. Ass'n, 227 F.3d 29, 33 (2d Cir. 2000) (per curiam). To establish a hybrid § 301 claim, a plaintiff must show (1) "that the union breached its duty of fair representation vis-à-vis the union members," and (2) "that the employer breached a collective bargaining agreement." White v. White Rose Food, 237 F.3d 174, 178 (2d Cir. 2001). "[T]he [u]nion's breach is a prerequisite to consideration of the merits of plaintiff's claim against" the employer. Young v. U.S. Postal Serv., 907 F.2d 305, 307 (2d Cir. 1990). "If a plaintiff cannot make this threshold showing, [the] hybrid section 301/duty of fair representation action fails[] and neither the union nor the employer can be held liable," Jordan v. Viacom Outdoor Grp., 475 F. Supp. 2d 440, 444 (S.D.N.Y. 2007) (citing DelCostello v. Int'l Bros. of Teamsters, 462 U.S. 151, 164–65 (1983)).

    A. Breach of the Duty of Fair Representation

A claim for breach of the duty of fair representation contains two elements. First, plaintiffs must show that the "conduct toward [them] is arbitrary, discriminatory, or in bad faith." Sanozky v. Int'l Ass'n of Machinists and Aerospace Workers, 415 F.3d 279, 282 (2d Cir. 2005) (per curiam) (quoting Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998)). "Plaintiffs must then demonstrate a causal connection between the union's wrongful conduct and their injuries." Spellacy v. Airline Pilots Ass'n-Int'l, 156 F.3d 120, 126 (2d Cir. 1998).

"A union acts in bad faith when it acts with an improper intent, purpose, or motive," or where it engages in "fraud, dishonesty, and other intentionally misleading conduct." Spellacy, 156 F.3d at 126. A union discriminates where it, "without a legitimate purpose, take[s] action favoring some of its members at the expense of others." Ramey v. Dist. 141, Int'l Ass'n of Machinists and Aerospace Workers, 378 F.3d 269, 276–77 (2d Cir. 2004) (quotation marks

omitted). And "[a] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness, as to be irrational." Sanozky, 415 F.3d at 282–83 (quoting Air Line Pilots Ass'n Int'l v. O'Neill, 499 U.S. 65, 67 (1991)). "This wide range of reasonableness gives the union room to make discretionary decisions and choices, even if those judgments are ultimately wrong." White, 237 F.3d at 179 (quotation marks omitted). "An inquiry into whether a union has breached the duty of fair representation by acting either arbitrarily, in bad faith, or discriminatorily is context specific and fact-sensitive," Acosta v. Potter, 410 F. Supp. 2d 298, 308 (S.D.N.Y. 2006), and courts are afforded "broad parameters of judgment that necessarily vary from context to context." Ryan v. N.Y. Newspaper Printing Pressmen's Union No. 2, 590 F.2d 451, 455 (2d Cir. 1979).

"A union's failure or refusal to pursue a grievance on its own does not constitute a breach of the duty of fair representation unless that failure or refusal may be 'fairly characterized as so far outside of a wide range of reasonableness that it is wholly irrational or arbitrary.'" Vera v. Saks, 424 F. Supp. 2d 694, 705 (S.D.N.Y. 2006) (citation omitted) (quoting Air Line Pilots Ass'n, Int'l, 499 U.S. at 67). That is, "[a] union acts arbitrarily in failing to initiate or process a grievance when it 'ignores or perfunctorily presses a meritorious claim.'" Thomas v. Little Flower for Rehab. & Nursing, 793 F. Supp. 2d 544, 548 (E.D.N.Y. 2011) (quoting Samuels v. Air Transp. Local 504, 992 F.2d 12, 16 (2d Cir. 1993)); see also Scott v. N.Y. Health & Human Servs. Union, 2003 WL 359534, at *6 (S.D.N.Y. Feb. 6, 2003) ("What a union may not do is arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion. Thus, the question before this Court is, did [the union] ignore [plaintiff's] claim?" (citation and quotation marks omitted)); Gold v. Local Union No. 888 U.F.C.W., 758 F. Supp.

205, 207–08 (S.D.N.Y. 1991) ("Several courts have held that the failure to fairly and adequately pursue an investigation of a grievance . . . constitute a breach of the duty of fair representation."). A union does not act arbitrarily, however, where it "fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance." Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1153–54 (2d Cir. 1994). "Accordingly, to find a breach of the duty of fair representation . . . the Court must determine whether the Plaintiff[s] [have] plausibly alleged that: (1) the Plaintiff[s] had a meritorious grievance; (2) Local [241] was aware of the grievance; and (3) Local [241] acted arbitrarily in failing to process the Plaintiff[s'] grievance." Thomas, 793 F. Supp. 2d at 548; see Moore v. Roadway Express, Inc., 2008 WL 819049, at *5 (E.D.N.Y. Mar. 25, 2008).

Plaintiffs allege that overtime was inequitably distributed to relatives and friends of Local 241 officials, and they have substantiated that allegation by comparing the overtime hours received by Quinones and Morciglio with those allotted to relatives of Local 241's former president. (AC ¶¶ 17–18.) Plaintiffs filed their grievance concerning inequitable distribution of overtime with Local 241 on October 25, 2017. (AC ¶ 23.) And since "[o]n a motion to dismiss, the Court is required to accept the facts as true," this Court concludes that "Plaintiff[s] [have] plausibly alleged that [their] grievance was meritorious." Thomas, 793 F. Supp. 2d at 548. Moreover, the Amended Complaint alleges that Local 241 responded only once to Plaintiffs' grievance by informing Plaintiffs that they should have filed it with Columbia. (AC ¶ 24.) Plaintiffs claim they did precisely that, but then Columbia did an about-face and forwarded the grievance to Local 241. (AC ¶ 25.) Days later, Plaintiffs inquired whether Local 241 would investigate the grievance, but never received a response. (AC ¶¶ 26–27.)

12

As pled, Local 241's "failure to perform any investigation after notice of a grievance plausibly alleges a breach of the duty of fair representation." Thomas, 793 F. Supp. 2d at 548; see also Yearwood v. N.Y. Presbyterian Hosp., 2013 WL 4713793, at *4 (S.D.N.Y. Aug. 20, 2013) ("[P]laintiff alleges that he had a meritorious claim against the [employer] for his wrongful termination and that the Union arbitrarily refused to pursue that claim after initiating arbitration. These allegations may not be true . . . but that factual determination is not made on a pre-answer motion to dismiss."); Moore, 2008 WL 819049, at *5 ("Local 707 very well may have acted within its discretion by choosing not to pursue plaintiff's complaints . . . . At this preliminary stage, however, the court cannot hold that plaintiff's claims are implausible. Assuming, as the court must, that . . . Local 707 failed to conduct even a minimal investigation, plaintiff has stated a claim that Local 707 breached its duty of fair representation.").

Finally, Plaintiffs satisfy the second element of a duty of fair representation claim. Though not explicitly stated, the Amended Complaint can be fairly read to allege that Plaintiffs were denied overtime hours and compensation that they would have otherwise received had Local 241 investigated or processed their grievance.

B. Breach of the CBA

Plaintiffs also allege that Columbia breached the CBA. Columbia is a party to the CBA, which, in Article 6, Section 3(h), states that "[a]ll overtime assignments will be distributed as equally as possible by job classification and seniority on a rotating list." (AC ¶ 16.) Section 3(h) further requires overtime "[l]ists [to] be posted in an area accessible to employees." (AC ¶ 16.) In violation of these provisions, Plaintiffs allege that overtime for Heavy Cleaners at Columbia was not distributed as equally as possible. Again, assuming the truth of Plaintiffs'

allegations and drawing all reasonable inferences in their favor, this Court finds that Plaintiffs have adequately alleged Columbia breached the CBA.

Accordingly, Plaintiffs sufficiently plead a hybrid claim under § 301 of the LMRA, predicated on (1) Local 241's failure to investigate or process Plaintiffs' October 2017 grievance, and (2) Columbia's breach of Article 6, Section 3(h) of the CBA.

IV. Plaintiffs' Claim Concerning Local 241's Own Distribution of Overtime Hours

In addition to claiming that Local 241 failed to investigate or process Plaintiffs' October 2017 grievance, Plaintiffs also claim that Local 241 breached its duty of fair representation through its own inequitable distribution of overtime hours to family and friends of union officials.[1]

Plaintiffs cannot use Local 241's purported breach of the duty of fair representation in distributing overtime as a predicate hook to plead a hybrid § 301 claim against Local 241 and Columbia. And to the extent that Plaintiffs seek to do so, that hybrid § 301 claim is dismissed. Indeed, "[a] hybrid claim is intended to resolve, along with employer breach, a union's failure to represent an employee during the grievance process." Caldarera v. Int'l Longshoremen's Ass'n, 2017 WL 6397747, at *3 (S.D.N.Y. Dec. 13, 2017) (emphasis added); see also Carrion, 227 F.3d at 33 ("[T]o provide individual employees with recourse when a union breaches its duty of fair representation in a grievance or arbitration proceeding . . . an employee may bring suit against both the union and the employer."). Here, Plaintiffs' claim that Local 241 breached its duty of fair representation in distributing overtime does not concern Local 241's

---

[1] The Amended Complaint appears to allege that Columbia and Local 241 both retained the authority to distribute overtime hours. This inconsistency does not doom the pleading because Federal Rule of Civil Procedure 8(d)(3) authorizes Plaintiffs to "state as many separate claims . . . as [they] [have], regardless of consistency." Moreover, the Court notes that Article 6, Section 3(h) of the CBA does not specify whether Columbia, Local 241, or a combination of the two is ultimately responsible for the distribution of overtime. The Court expects that this issue—the resolution of which may prove critical in this action—will be fleshed out in discovery.

14

handling of Plaintiffs' grievance.  Plaintiffs acknowledge as much in their opposition, noting that if "Columbia has ceded administrative control over overtime to Local 241, <u>the biased handling of that responsibility in itself</u> states a claim" for a breach of the duty of fair representation.  (Pls.' Mem. of Law in Opp. to Mot. to Dismiss (ECF No. 43), at 13.)  Accordingly, Local 241's purported breach in distributing overtime hours cannot support a hybrid § 301 claim.

This Court instead construes Plaintiffs' claim concerning Local 241's inequitable distribution of overtime as a separate and independent claim for breach of the duty of fair representation asserted <u>only</u> against Local 241.  <u>See</u> <u>Caldarera</u>, 2017 WL 6397747, at *3 (construing plaintiffs' suit as alleging both a hybrid § 301 claim and a separate claim for breach of the duty of fair representation under the LMRA).  And since Local 241 has not moved to dismiss, this Court need not address the sufficiency of these allegations as pled in the Amended Complaint.

V.  <u>Timeliness</u>

Finally, Columbia contends that Plaintiffs' claims are time-barred based on (1) allegations included in the Original Complaint, and (2) the exhibits Columbia appended to its motion to dismiss.  As noted above, <u>supra</u> Part II.B, the Court will not consider Exhibits A, C, D, F, and J.  To the extent that Columbia's statute of limitations arguments rely on these exhibits, they are rejected.  The Court addresses Columbia's remaining timeliness arguments—predicted on Exhibits E, G, H, and I—below.

Plaintiffs' claims are governed by a six-month statute of limitations, "which begins to run when the employee knew or should have known of the breach of the duty of fair representation."  <u>White v White Rose Food</u>, 128 F.3d 110, 114 (2d Cir. 1997).  And "[i]n the Second Circuit, the 'bringing of [an] NLRB charge establishes that [a plaintiff] had actual

15

knowledge of the breach." Ode, 2008 WL 5262421, at *2 (quoting Kavowras, 328 F.3d at 55) (alterations in original); see also Sanchez v. Local 660, United Workers of Am., 25 F. Supp. 3d 261, 266 (S.D.N.Y. 2014) ("Courts in this Circuit have specifically noted that the bringing of the NLRB charge establishes that [the plaintiff] had actual knowledge of the breach by that date." (alterations in original) (quotation marks omitted)). Here, Diaz filed an NLRB charge on May 26, 2010, alleging that Local 241 failed to process her overtime distribution grievance. (Decl. of Mary Ellen Donnelly in Supp. of Def.'s Mot. to Dismiss ("Donnelly Decl."), Ex. E.) Alonso similarly filed an NLRB charge against Local 241 on July 1, 2016, alleging that the union refused to assist members in enforcing the overtime assignment provision of the CBA. (Donnelly Decl., Ex. G.) Alonso also filed a second NLRB charge—against Columbia—that same day, alleging that Columbia failed to abide by the overtime assignment provision of the CBA. (Donnelly Decl., Ex. H.) The six-month statute of limitations on the claims asserted within these charges undoubtedly began to run when the charges were filed with the NLRB. See Kavowras, 328 F.3d at 55.

The problem for Columbia, however, is that this Court cannot determine whether many of the issues raised by Diaz and Alonso in their NLRB charges are the same as those asserted in this action. See Kavowras, 328 F.3d at 55 ("In his NLRB charge, [the plaintiff] alleged in a general manner the same misconduct by the Union which he charged in his complaint. His bringing of the NLRB charge establishes that he had actual knowledge of the breach . . . ." (emphasis added)); Payton v. U.S. Postal Serv., 2016 WL 7494859, at *3 (E.D.N.Y. Dec. 29, 2016) ("In this circuit, if a party files a charge with the NLRB alleging breach of the duty of fair representation, and then later files a complaint alleging the same general conduct, the filing of the NLRB charge demonstrates actual knowledge of the breach." (emphasis added));

16

Katsaros v. Transit-Mix Concrete Corp., 615 F. Supp. 450, 451 (S.D.N.Y. 1985) ("Since the NLRB charges were essentially similar to those upon which this action is based it is clear that . . . plaintiff knew or reasonably should have known of all the facts which are the factual predicate for his present action." (emphasis added)). The NLRB charges appended to Columbia's motion do discuss inequitable overtime distribution, but they do so broadly. For example, Diaz's NLRB charge only states that Local 241 "failed and refused to process [her] overtime distribution grievance." (Donnelly Decl., Ex. E.) There is no mention, however, of the basis for her grievance. And it is plausible that the overtime distribution issues alleged in the NLRB charges are different than the wrongful conduct alleged in this action, namely that overtime was preferentially distributed to friends and relatives of Local 241 officials. Without more information concerning the NLRB charges, the Court cannot determine that Alonso's and Diaz's claims are time-barred.[2]

       The lone exception to this Court's conclusion is that Alonso is precluded from claiming that overtime lists were not posted until January 2018. Indeed, the affidavit accompanying Alonso's NLRB charge against Columbia demonstrates his awareness that—as of July 2016—overtime lists were not being posted. (Donnelly Decl., Ex. I.) Accordingly, Alonso's claim concerning the posting of overtime lists is time-barred. He may, however, still proceed on his claim that, once the lists were posted, they understated overtime hours worked by relatives and friends of Local 241 officials since his affidavit is silent on this issue.

## CONCLUSION

       For the foregoing reasons, Columbia's motion to dismiss is granted in part and denied in part. To the extent Plaintiffs assert a hybrid § 301 claim based on Local 241's alleged

---

[2]     Like the issue of which Defendant retained authority to distribute overtime under the CBA, the Court expects this issue will be explored during discovery and will be ripe for summary judgment.

inequitable distribution of overtime, that claim is dismissed. Alonso's claim concerning Defendants' failure to post overtime lists is dismissed as time-barred. In all other respects, Columbia's motion to dismiss the Amended Complaint is denied. The stay of discovery is lifted. The parties shall submit a proposed discovery schedule by August 30, 2019. The parties are directed to appear for a status conference with the Court on September 4, 2019 at 11:30 a.m.

Dated: August 9, 2019
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.